**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Samantha Beauzile,**

**Plaintiff,**

**v.** **Case No.:**

**T-Mobile USA, Inc.,**

**Defendant.**
_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Samantha Beauzile**, ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **T-Mobile USA, Inc.,** ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA", 42 U.S.C. §12101 *et seq.*) and the Florida Civil Rights Act ("FCRA," Fla. Stat. §760.01 *et seq.*).

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e et seq.

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

## PARTIES

4. At all times relevant, Plaintiff was a resident of Pasco County, Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Defendant was an "employer" within the meaning of the ADA and the FCRA.

10. Defendant continues to be an "employer" within the meaning of the ADA and the FCRA.

11. At all times material hereto, Plaintiff was a protected employee under the ADA and the FCRA.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights.

# FACTS

13. Plaintiff was employed by Defendant as an Account Care Expert from on or around January 10, 2010, until her unlawful termination on or around February 5, 2025.

14. During her employment, Plaintiff was qualified for her position and performed her job satisfactorily.

15. At all times relevant, Plaintiff had a qualified disability and/or was perceived as disabled by Defendant.

16. During her employment, Plaintiff suffered from a mental and/or physical impairment that substantially limited one or more major life activities.

17. Defendant was aware of Plaintiff's disability.

18. At all times relevant, Plaintiff was able to perform the essential functions of her position with or without reasonable accommodation.

19. Throughout her employment, Plaintiff was subjected to disparate treatment and discrimination because of her disability.

20. Beginning in or around July 2024, Plaintiff was approved for continuous FMLA leave and recertified her leave on a monthly basis.

21. In or around October 2024, Plaintiff's physician's office was forced to close due to a hurricane, preventing the timely submission of Plaintiff's FMLA recertification paperwork.

22. Plaintiff explained the circumstances and requested additional time to submit the required documentation as a reasonable accommodation.

23. Despite Plaintiff's explanation, Defendant disciplined Plaintiff for medical absences.

24. From on or around December 2024, Plaintiff requested reasonable accommodations and was approved to work from home and take intermittent leave.

25. Plaintiff's requests for reasonable accommodation were reasonable and would not have imposed an undue hardship on Defendant.

26. Despite Plaintiff's submission of the required documentation and Defendant's initial approval of her leave and accommodations, Defendant revoked Plaintiff's approval in February 2025 and revoked Plaintiff's previously approved leave from November 2024.

27. Plaintiff complained that Defendant was inconsistently applying its leave policies and discriminating against her because of her disability.

28. Defendant failed to take prompt or appropriate remedial action in response to Plaintiff's protected complaints.

29. Instead, Defendant denied Plaintiff reasonable accommodations and retaliated against Plaintiff for engaging in protected activity under the ADA and the FCRA.

30. Defendant terminated Plaintiff's employment on or around February 5, 2025.

31. Defendant terminated Plaintiff because of her disability and in retaliation for requesting reasonable accommodations and complaining of disability discrimination.

32. Plaintiff was clearly subject to materially adverse employment action by Defendant.

33. Defendant took adverse employment action against Plaintiff because of her disability and in retaliation for her protected activity under the ADA and the FCRA.

34. Defendant's actions were willful and done with reckless disregard for Plaintiff's rights under the ADA and the FCRA.

35. Defendant's stated reason for terminating Plaintiff is pretext.

## COUNT I – FCRA VIOLATION (DISABILITY DISCRIMINATION)

36. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. Plaintiff is a member of a protected class under the FCRA due to her disability.

38. Plaintiff was subjected to disparate treatment due to her disability.

39. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

40. Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award reasonable attorney's fees and costs to Plaintiff; and

(e) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II – FCRA RETALIATION

41. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 35 of this Complaint as though fully set forth herein.

42. Plaintiff is a member of a protected class under the FCRA due to her disability.

43. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

44. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

45. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(f) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(g) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(h) Award back pay to Plaintiff plus interest and all benefits;

(i) Award reasonable attorney's fees and costs to Plaintiff; and

(j) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT III —ADA VIOLATION (DISCRIMINATION)

46. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

47. Plaintiff is a member of a protected class under the ADA due to her

disability.

48. Plaintiff was subjected to disparate treatment due to her disability.

49. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

50. Defendant's actions were willful and done with malice.

51. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT IV — ADA RETALIATION

52. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

53. Plaintiff is a member of a protected class under the ADA because of her disability.

54. Plaintiff exercised or attempted to exercise her rights under the ADA, thereby engaging in protected activity under the ADA.

55. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

56. Defendant has taken material adverse action against Plaintiff.

57. Defendant's actions were willful and done with malice.

58. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues.

Dated this 22nd of October 2026.

Respectfully submitted,

*/s Samuel Doxsee*
**SAMUEL DOXSEE**

Florida Bar Number: 127318
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St., Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**